# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed:  February 27, 2026

```
* * * * * * * * * * * * *    *
MICHAEL SMITH,                *
                             *
            Petitioner,       *        No. 22-757V
                             *
v.                            *        Special Master Gowen
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
            Respondent.       *
* * * * * * * * * * * * *    *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Madylan Louise Yarc*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 26, 2025, Michael Smith ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 48). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$35,360.53.**

## I.        Procedural History

On July 12, 2022, Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that he suffered transverse myelitis as a result of receiving an influenza vaccine on October 7, 2019. *Id*. On March 14, 2025, following a status conference, Petitioner filed a motion dismissing his petition. (ECF No. 44). On the same day, I granted Petitioner's motion and dismissed the petition. (ECF No. 45).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 26, 2025, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $35,360.53, representing $32,887.40 in attorneys' fees and $2,441.45 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he personally incurred $31.68 in costs in pursuing this claim. Fees App. Ex. C. Respondent reacted to the fees motion on December 22, 2025, stating that "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 50). Petitioner did not file a reply.

The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, although the petition was eventually dismissed, I am satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys at Conway Homer, P.C.:

|  | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| Ronald Homer | $475 | $500 | $525 | $567 |
| Christina Ciampolilo | - | - | $500 | - |
| Joseph Pepper | - | - | $485 | $516 |
| Lauren Faga | $385 | $425 | - | - |
| Meridith Daniels | - | - | $485 | $516 |
| Nathaniel Enos | - | - | $360 | - |
| Patrick Kelly | - | - | $345 | - |
| Paralegal | $170 | $185 | $195 | $207 |
| Law Clerk | - | $195 | - | - |

These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $32,887.40.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,441.45. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and photocopies. Fees App. Ex. B. Petitioner has provided adequate documentation supporting all of his requested costs. Petitioner is therefore awarded the full amount of costs sought.

### c. Petitioner's Costs

Petitioner requests a total of $31.68 for medical records and postage costs he incurred related to pursing this claim. Fees App. Ex. C. The undersigned finds these costs to be reasonable and will award them in full.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,887.40 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$32,887.40** |
| | |
| Attorneys' Costs Requested | $2,441.45 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,441.45** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,328.85** |
| | |
| Petitioner's Costs Requested | $31.68 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$31.68** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $35,328.85 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **a lump sum of $31.68, representing reimbursement for Petitioner's costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).